

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 26, 1962

Honorable Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. WW-1289

Re: Whether Section 1a of
Article 567b, Vernon's
Penal Code, pertaining
to the giving of "hot
checks" for payment of
wages or salaries for
personal services, is
applicable when such a
"hot check" is passed
to an independent con-
tractor or entrepreneur.

Dear Miss Cisneros:

In your letter requesting an opinion from this
office you ask the following question:

"Does Section 1a of Article 567b, Penal
Code, pertaining to the giving of hot checks
for payment of wages or salaries for personal
services, apply to a check given to an indep-
endent contractor or entrepreneur?"

With regard to this question, you submit two separate
fact situations which are as follows:

"A, an independent contractor, contracts
to build an addition to an existing building
for a certain price; down the line he runs
short of money to pay his employees and gets
a check as an advance on the contract price
from the owner of the building, defendant, to
pay A's laborers and continues with completion
of the work. The check bounces and is not made
good.

"A, trucker, has his own truck and for a
living, hauls 25 field hands around to work and
back; as compensation, he receives 50¢ per 100
pounds of cotton picked by the hands, or a cer-
tain percentage of whatever produce they pick;
he receives a check from defendant payable to

him, which includes his portion of the percentage
on each field hand and the portion going to the
25 field workers. A takes D's check and cashes
it with a 3rd party, believing it to be good,
takes out his pay and distributes the rest among
the 25 field workers, or else receives a check
made payable to him from defendant covering his
portion."

Section 1 was added to the "Hot Check Law", Article
567b, Vernon's Penal Code, by an amendment in 1957. This
Section reads as follows:

"Sec. 1a It shall be unlawful for any
person or persons to make, draw, utter or
deliver, or to cause or direct the making,
drawing, uttering, or delivering of any check,
draft or order for the payment of money on
any bank, person, firm or corporation, in
payment of wages or salaries for personal
services rendered, knowing that the maker,
drawer or payor does not have sufficient
funds in or on deposit with such bank, person,
firm or corporation, for the payment in full
of such check, draft or order, as well as all
other than outstanding checks, drafts or
orders upon such funds, and with no good
reason to believe the check, draft, or order
would be paid upon presentation to the per-
son or bank upon which same was drawn."

In each of the fact situations submitted, the
person who was the recipient of the "hot check" in the first
instance had the status of an independent contractor or
entrepreneur. However, it is our opinion that this class-
ification is not material to the applicability of Section 1a.
No where in the provisions of this Section is there any
requirement that a recipient of a "hot check" for wages or
salary for personal services rendered have the status of an
independent contractor or entrepreneur. Therefore, it is
our opinion that the question of the applicability of Section
1a of Article 567b, Vernon's Penal Code, is resolved without
regard to whether a recipient has the status of an independent
contractor or entrepreneur.

## S U M M A R Y

The question of the applicability of
Section 1a of Article 567b, Vernon's
Penal Code, is resolved without regard
to whether a recipient of a "hot check"
for wages or salaries for personal
services has the status of an indepen-
dent contractor or entrepreneur.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Riley Eugene Fletcher
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.